ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
LAUREN GIBBS - State Bar No. 251569
lgibbs@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendant
Mark Bartelstein & Associates, Inc. d/b/a Priority Sports & Entertainment

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AARON L. MINTZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK BARTELSTEIN & ASSOCIATES, INC. d/b/a PRIORITY SPORTS & ENTERTAINMENT,<br><br>　　　　　Defendant. | CASE NO.: CV12-2554-SVW (SSx)<br><br>Hon. Stephen V. Wilson<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Defendant Mark Bartelstein & Associates, Inc. d/b/a Priority Sports & Entertainment ("Priority Sports" or "Defendant"), by and through its undersigned counsel, hereby files its Answer to Plaintiff Aaron L. Mintz's ("Mintz") Complaint (the "Complaint") as follows:

## INTRODUCTION

1.   Priority Sports admits that the State of California has a fundamental public policy against contracts that prevent workers from engaging in their lawful business endeavors, but denies that this is a complete statement of California's public policy on the subject or that Mintz's conduct has been lawful. Priority Sports further admits that California Business and Professions Code § 16600 speaks for itself.

2.   Priority Sports admits that Mintz's employment contract with Priority Sports speaks for itself. Priority Sports admits that on March 23, 2012, Mintz repeatedly lied to Priority Sports about whether the information they had received—that Mintz was leaving Priority Sports—was true. Priority Sports admits that sometime after 10:30 p.m. on March 23, Mintz finally admitted that he was resigning from Priority Sports. Except as expressly admitted, Priority Sports denies the allegations of paragraph 2.

3.   Priority Sports admits that Mintz is working for a competitor and denies the remaining allegations of paragraph 3.

4.   Priority Sports is without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 4, and on those grounds, denies those allegations.

5.   Priority Sports admits that Mintz seeks declaratory relief, but expressly denies that such claim has any merit.

6.   Priority Sports denies the allegations of paragraph 6.

/ / /

/ / /

/ / /

## JURISDICTION AND VENUE

7. Defendant admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, but denies Mintz's claim has any merit or that Mintz is entitled to the relief sought.

8. Priority Sports admits the allegations of paragraph 8.

9. Priority Sports admits the amount in controversy exceeds $75,000, exclusive of interest and costs; is without knowledge or information sufficient to form a belief as to what provision Mintz is terming the "noncompetition clause" and on those grounds denies those allegations; and denies the remaining allegations of paragraph 9.

10. Priority Sports admits that venue is proper in this judicial district, but denies the remaining allegations of paragraph 10.

## PARTIES

11. Priority Sports admits that Mintz resides in Los Angeles, California and that he was previously employed by Priority Sports as a basketball player agent. Priority Sports is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11, and on those grounds, denies those allegations.

12. Priority Sports admits that Priority Sports is an Illinois corporation, and that the majority, rather than the "vast" majority, of its business activities take place in Chicago, Illinois and denies the remaining allegations of paragraph 12.

## FACTUAL BACKGROUND

13. Priority Sports admits that Mintz was employed by Priority Sports from September 25, 2001 to March 23, 2012, and that Mintz assisted Priority Sports in representing professional basketball players on Priority Sports' behalf and in the several months before his resignation, on his own and on behalf of his new employer Creative Artist Agency (CAA"). Priority Sports admits that Mintz resided and worked in Los Angeles, California and that he also performed his duties in other

venues throughout the United States. Priority Sports admits that it is a leading sports, entertainment and media company, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore denies those allegations.

14. Priority Sports admits that Mintz voluntarily entered into the Employment Agreement attached as Exhibit A to the Complaint and that the Employment Agreement speaks for itself. Priority Sports denies the remaining allegations of paragraph 14.

15. Priority Sports admits that the Employment Agreement speaks for itself and that it is entitled to enforce this agreement consistent with applicable law. To the extent Mintz suggests that Priority Sports is attempting to enforce the Employment Agreement in a manner not permitted by applicable law, Priority Sports denies those allegations of paragraph 15.

16. Priority Sports admits that the Employment Agreement speaks for itself and that it is entitled to enforce this agreement consistent with applicable law. To the extent Mintz suggests that Priority Sports is attempting to enforce the Employment Agreement in a manner not permitted by applicable law, Priority Sports denies those allegations of paragraph 16.

17. Priority Sports is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 17, and on those grounds, denies those allegations. Priority Sports is without knowledge or information sufficient to form a belief as to what provisions Mintz refers to in the term "noncompetition provisions", but to the extent Mintz suggests that Priority Sports is attempting to enforce the Employment Agreement in a manner not permitted by applicable law, Priority Sports denies those allegations as well as the remaining allegations of paragraph 17.

18. Priority Sports admits that California Business and Professions Code § 16600 speaks for itself, but denies the remaining allegations of paragraph 18.

19. Priority Sports is without knowledge or information sufficient to form a belief as to what provisions Mintz refers to in the term "noncompetition provisions", but to the extent Mintz suggests that Priority Sports is attempting to enforce the Employment Agreement in a manner not permitted by applicable law, Priority Sports denies those allegations as well as the remaining allegations of paragraph 19.

20. Priority Sports is without knowledge or information sufficient to form a belief as to what provisions Mintz refers to in the term "noncompetition provisions", but to the extent Mintz suggests that Priority Sports is attempting to enforce the Employment Agreement in a manner not permitted by applicable law, Priority Sports denies those allegations as well as the remaining allegations of paragraph 20.

## THE CONTROVERSY BETWEEN THE PARTIES

21. Priority Sports admits that Mintz contends that "noncompetition provisions" are unenforceable, but Priority Sports is without knowledge or information sufficient to form a belief as to what provisions Mintz refers to in the term "noncompetition provisions". To the extent Mintz suggests that Priority Sports is attempting to enforce the Employment Agreement in a manner not permitted by applicable law, Priority Sports denies those allegations as well as the remaining allegations of paragraph 21.

22. Priority Sports is without knowledge or information sufficient to form a belief as to what provisions Mintz is characterizing as "noncompetition provisions" or what relief will ultimately be accorded to Priority Sports, but admits that it is entitled to enforce provisions of its Employment Agreement against Mintz consistent with applicable law and to obtain injunctive relief against Mintz for violation of the Employment Agreement and applicable law.

23. Priority Sports admits that the Employment Agreement speaks for itself.

/ / /

/ / /

/ / /

## CLAIM FOR RELIEF

### (Declaratory Relief)

24. Priority Sports realleges and incorporates by reference as if fully set forth herein its responses to paragraphs 1-23 above.

25. Priority Sports is without knowledge or information sufficient to form a belief as to what Mintz is characterizing as the "noncompetition provisions" in the Employment Agreement, and on that ground denies the allegations in paragraph 25.

26. Priority Sports is without knowledge or information sufficient to form a belief as to what Mintz is characterizing as the "noncompetition provisions" in the Employment Agreement, and on those grounds denies the allegations of paragraph 26.

27. Priority Sports is without knowledge or information sufficient to form a belief as to what Mintz is characterizing as the "noncompetition provisions" in the Employment Agreement, and on those grounds denies the allegations of paragraph 27

28. Priority Sports admits that it believes provisions of the Employment Agreement that Mintz may be characterizing as "noncompetition provisions" are valid and enforceable and that it is entitled to enforce those provisions. But Priority Sports is without knowledge or information sufficient to form a belief as to what Mintz is characterizing as the "noncompetition provisions" in the Employment Agreement, and on those grounds denies the allegations of paragraph 28.

## PRAYER FOR RELIEF

Mintz's prayer for relief does not contain any allegations. To the extent any response is required to any paragraph of Mintz's prayer for relief, including without limitation paragraphs 1-4, Priority Sports denies paragraphs 1-4 of Mintz's prayer for relief. Priority Sports denies that Mintz is entitled to any of the relief whatsoever that it requests in its prayer for relief.

/ / /

/ / /

## AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, Priority Sports asserts the following Affirmative Defenses, without assuming the burden of proof when such a burden would otherwise be on Mintz.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Mintz's Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each purported claim alleged therein are barred on the ground that Mintz has unclean hands with respect to the matters alleged therein.

## THIRD AFFIRMATIVE DEFENSE

### (Bad Faith)

The Complaint and each purported claim alleged therein are barred, in whole or in part, because they were brought or have been maintained in bad faith.

## FOURTH AFFIRMATIVE DEFENSE

### (Fraud and/or Illegal Conduct)

The Complaint and each purported claim alleged therein are barred, in whole or in part, by Mintz's own fraudulent and/or illegal conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Misappropriation of Trade Secrets)

The Complaint and each purported claim alleged therein are barred, in whole or in part, on the ground that Mintz has improperly used and is improperly using Priority Sports' confidential, proprietary and trade secret information to illegally and unfairly solicit Priority Sports' customers and compete with Priority Sports.

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

Mintz would be unjustly enriched if he were awarded the relief sought or any relief.

## SEVENTH AFFIRMATIVE DEFENSE

**(Material Breach of the Employment Agreement)**

The Complaint and each purported claim alleged therein are barred, in whole or in part, on the ground that Mintz has materially breached the Employment Agreement entered into between the parties.

## EIGHTH AFFIRMATIVE DEFENSE

**(Justification)**

The Complaint and each purported claim alleged therein are barred, in whole or in part, on the ground that Priority Sports' actions were justified.

## NINTH AFFIRMATIVE DEFENSE

**(Consent)**

The Complaint and each purported claim alleged therein are barred, in whole or in part, on the ground that Priority Sports had Mintz's consent.

## TENTH AFFIRMATIVE DEFENSE

**(Waiver)**

Mintz has waived recovery by reason of his own conduct, acts, and omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

Mintz is estopped from recovery by reason of his own conduct, acts, and omissions.

## TWELFH AFFIRMATIVE DEFENSE

**(Actions or Conduct of Plaintiff)**

Any right of recovery that Mintz asserts is barred, in whole or in part, to the extent that any loss, damage, or injury that Mintz has allegedly suffered or will suffer,

7
DEFENDANT MARK BARTELSTEIN & ASSOCIATES, INC.'S ANSWER TO COMPLAINT
761347

as alleged in the Complaint or otherwise, is the direct or proximate result, either in whole or in part, of Mintz's own intentional, reckless, negligent or careless conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

The Complaint and purported claim alleged therein are barred, in whole or in part, on the ground that Mintz consented to and/or ratified the acts alleged to have been performed by Priority Sports.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Parties' Agreement)

The Complaint, and each purported claim alleged therein are barred, in whole or in part, under the terms of the parties' agreements.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Severability)

The Complaint, and each purported claim alleged therein are barred, in whole or in part, on the ground that the severability clause of the parties' agreement requires that: (1) if any provision of the parties' agreement is found to be invalid and unenforceable, the remaining provisions shall remain enforceable; and (2) if any provision of the parties' agreement is found to be unreasonable or overbroad, such provisions shall be deemed amended to its reasonable or narrow application to the extent necessary to make the provision enforceable and shall be enforced as amended.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Declaration Contrary to Law)

To the extent the Complaint seeks a declaration that would permit Mintz to breach valid and enforceable provisions of his Employment Agreement with Priority Sports and violate the laws of California, Illinois and other states, the declaration sought is contrary to law.

/ / /

/ / /

## RESERVATION OF ADDITIONAL DEFENSES

Discovery in this action has not yet commenced and Priority Sports continues to investigate the allegations set forth in the Complaint. Priority Sports specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserve the right to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Priority Sports requests the following relief:

1. That Plaintiff take nothing by its Complaint;
2. For Judgment in favor of Priority Sports and against Plaintiff;
3. For an Order that Plaintiff pay Priority Sports' costs of suit incurred herein;
4. For an Order that Plaintiff pay Priority Sports' attorneys' fees; and
5. For such other and further relief as the Court deems just and proper.

DATED: April 17, 2012

GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP

By: /s/ Adrian M. Pruetz
ADRIAN M. PRUETZ
Attorneys for Defendant
Mark Bartelstein & Associates, Inc. d/b/a
Priority Sports & Entertainment

**DEMAND FOR JURY TRIAL**

Defendant a Priority Sports respectfully requests a jury trial on all issues triable by a jury.

DATED: April 17, 2012

GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP

By: /s/ Adrian M. Pruetz

ADRIAN M. PRUETZ
Attorneys for Defendant
Mark Bartelstein & Associates, Inc. d/b/a
Priority Sports & Entertainment