1   LOUIS R. MILLER, State Bar No. 54141
    smiller@millerbarondess.com
2   DANIEL S. MILLER, State Bar No. 218214
    dmiller@millerbarondess.com
3   VINAY KOHLI, State Bar No. 268430
    vkohli@millerbarondess.com
4   MILLER BARONDESS, LLP
    1999 Avenue of the Stars, Suite 1000
5   Los Angeles, California 90067
    Telephone:  (310) 552-4400
6   Facsimile:   (310) 552-8400

7   Anthony J. Oncidi (State Bar No. 118135)
    aoncidi@proskauer.com
8   Robert H. Horn (State Bar No. 134710)
    rhorn@proskauer.com
9   Susan L. Gutierrez (State Bar No. 273980)
    sgutierrez@proskauer.com
10  Christopher L. Williams (admitted pro hac vice)
    cwilliams@proskauer.com
11  PROSKAUER ROSE LLP
    2049 Century Park East
12  32nd Floor
    Los Angeles, California 90067-3206
13  Telephone: (310) 557-2900
    Facsimile: (310) 557-2193
14
15  Attorneys for Plaintiff and Counterdefendant Aaron L. Mintz
    and Counterdefendant Creative Artists Agency, LLC
16  Patricia L. Glaser - State Bar No. 55668
    pglaser@glaserweil.com
17  Paul B. Salvaty - State Bar No. 171507
    psalvaty@glaserweil.com
18  Jill Basinger – State Bar No. 195739
    jbasinger@glaserweil.com
19  Lauren Gibbs - State Bar No. 251569
    lgibbs@glaserweil.com
20  GLASER WEIL FINK JACOBS
       HOWARD AVCHEN & SHAPIRO LLP
21  10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
22  Telephone:  (310) 553-3000
    Facsimile:   (310) 556-2920
23
24  Attorneys for Defendants and Counterclaimants
    Mark Bartelstein & Associates Inc. d/b/Priority Sports & Entertainment and
25  Mark Bartelstein

26          UNITED STATES DISTRICT COURT

27   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

1  AARON L. MINTZ, an individual,

2          Plaintiff,

3  v.

4  MARK BARTELSTEIN &
   ASSOCIATES, INC., d/b/a Priority
5  Sports & Entertainment; and MARK
   BARTELSTEIN, an individual
6
           Defendants.
7  ───────────────────────────────

8  AND RELATED COUNTERCLAIMS

Case No. CV12-2554 SVW(SSx)
(Consolidated with Case No. CV12-3055
SVW (SSx))

**[PROPOSED] FIRST AMENDED
JOINT JURY INSTRUCTION
BOOKLET**

<u>Hon. Stephen V. Wilson</u>

Trial Date:  November 13, 2012
Time:        9:00 a.m.
Ctrm:        6

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

784788

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**SET ONE**

**Uncontested Instructions**

**Submitted by All Parties**

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

784788

**CACI 1820, 3901 Intrusion Into Private Affairs – Damages**

**(Liability Established)**

The Court has determined that Mr. Mintz has proven his claim for invasion of privacy against Priority Sports and Mr. Bartelstein. If you decide that Mr. Mintz was harmed and that Priority Sports' and/or Mr. Bartelstein's invasion of Mr. Mintz's privacy was a substantial factor in causing the harm, you must also decide how much money will reasonably compensate Mr. Mintz for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by Priority Sports and/or Mr. Bartelstein's wrongful conduct, even if the particular harm could not have been anticipated. You must not speculate or guess in awarding damages.

Mr. Mintz must prove the amount of his damages. However, Mr. Mintz does not have to prove the exact amount of damage that will provide reasonable compensation for the harm.

The following are the specific items of damage claimed by Mr. Mintz:

1.      Mental suffering, anxiety, humiliation, emotional distress; and

2.      Harm to reputation and loss of standing in the community.

No fixed standard exists for deciding the amount of damages for mental suffering, anxiety, humiliation, and emotional distress. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future emotional distress, Mr. Mintz must prove that he is reasonably certain to suffer that harm.

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

784788

Authority:  CACI 1820 and 3901 (modified to read as one instruction, to specify name of cause of action, delete elements that do not apply, add names of parties, appropriate pronouns, and summary of contentions re damages for claim; further modified in accordance with relevant portions from the Court's November 1, 2012 summary judgment order).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

**CACI 3947 Punitive Damages – Individual and Entity Defendants**
**(Trial Not Bifurcated)**

You must decide whether Mr. Bartelstein's and/or Priority Sports' conduct justifies an award of punitive damages.  The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Mr. Bartelstein only if Mr. Mintz proves by clear and convincing evidence that Mr. Bartelstein engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against Priority Sports only if Mr. Mintz proves that Priority Sports acted with malice, oppression, or fraud.

"Malice" means that a defendant acted with intent to cause injury or that their respective conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid these consequences.

"Oppression" means that a defendant's conduct was despicable and subjected Mr. Mintz to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm Mr. Mintz.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was that defendant's conduct?  In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

4

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

1.   Whether the conduct caused physical harm;

2.   Whether the defendant disregarded the health or safety of others;

3.   Whether Mr. Mintz was financially weak or vulnerable and the defendant knew Mr. Mintz was financially weak or vulnerable and took advantage of him;

4.   Whether the defendant's conduct involved a pattern or practice; and

5.   Whether the defendant acted with trickery or deceit.

(b)   Is there a reasonable relationship between the amount of punitive damages and Mr. Mintz's harm, or between the amount of punitive damages and potential harm to Mr. Mintz that the defendant knew was likely to occur because of its and/or his conduct?

(c)   In view of that defendant's financial condition, what amount is necessary to punish it and/or him and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources.  Any award you impose may not exceed that defendant's ability to pay.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

1  Authority:  CACI 3947 (modified to delete elements that do not apply, and to add the

2  names of parties and appropriate pronouns; further modified in accordance with

3  relevant portions and findings from the Court's November 1, 2012 summary judgment

4  order).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

**Special Instruction No. 3**

**Plaintiff May Not Recover Duplicate Damages**

The Court has found that Priority Sports and/or Mr. Bartelstein violated the Data Access and Fraud Act (California Penal Code § 502), as well as invaded Mr. Mintz's right to privacy.  In deciding the damages for both of these violations, the same damages that resulted from both violations can be awarded only once.

1   Authority: CACI 361 (modified to reflect double recovery for violation of the relevant

2   statute (instead of contract) and tort; further modified in accordance with relevant

3   findings from the Court's November 1, 2012 summary judgment order).

4   .

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

1  |  **SET TWO**

**Contested Instructions**

**Propounded by Plaintiff Aaron L. Mintz**

**Opposed by Defendants Priority Sports and Mark Bartelstein**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Mr. Mintz's Special Instruction No. 1**

**California Data Access and Fraud Act**

**(California Penal Code § 502(c))**

[Propounded by Mr. Mintz / Opposed by Priority Sports and Mr. Bartelstein]

The Court has determined that Priority Sports and Mr. Bartelstein violated California's Data Access and Fraud Act, California Penal Code § 502 based on the following facts:

1.   On March 25, 2012, at the instruction of Priority Sports' General Counsel, Rick Smith, another a Priority Sports employee accessed Mr. Mintz's personal email account without permission, and viewed the contents of several emails, including personal emails and the terms of Mr. Mintz's employment agreement with CAA; and

2.   Mr. Mintz suffered harm as a result of Priority Sports' and/or Mr. Bartelstein's conduct.

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

784788

1   Authority:  Cal. Pen. Code § 502(c)(1)-(2), (6)-(7) (modified in accordance with page

2   12 of the Court's November 1, 2012 summary judgment order).

3

4   **Basis for Adopting Mr. Mintz's Proposed Instruction:**

5         Mr. Mintz respectfully requests that the Court adopt his proposed instruction

6   regarding California Penal Code § 502 because it succinctly explains to the jury, using

7   relevant language from the Court's summary judgment order, the elements of the

8   claim, and the facts upon which the Court relied in finding that Mr. Mintz satisfied

9   those elements by establishing liability.  In other words, the instruction provides a

10  basic factual roadmap of the claim so that the jury has a basis upon which to determine

11  the appropriate amount of damages.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

784788

**Priority Sports' Special Instruction No. 1**

**California Data Access and Fraud Act**

**(California Penal Code § 502(c))**

[Alternative Instruction Propounded by Priority Sports and Mr. Bartelstein / Opposed by Mr. Mintz]

The Court has determined that defendants violated California's Data Access and Fraud Act, California Penal Code § 502 ("Section 502") based on the following facts:

1. On March 25, 2012, Priority Sports' General Counsel, Rick Smith, instructed another Priority Sports' employee, Bradley Ames, to access Mr. Mintz's Gmail account without Mr. Mintz's permission; and

2. Mr. Ames viewed the contents of several emails, including Plaintiff's employment agreement with CAA.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

Authority:  Cal. Pen. Code § 502(c)(1)-(2), (6)-(7) (modified in accordance with pages 5, 12 of the Court's November 1, 2012 summary judgment order)

**Basis for Adopting Priority Sports' Proposed Instruction:**

Priority Sports does not believe this instruction is necessary given the Proposed Instruction no. 2.  If the Court decides, however, to give this instruction, Priority Sports requests that the Court give the version submitted by Priority Sports because it succinctly explains the factual predicate of the claim to the jury, using language from the Court's summary judgment order.  In contrast, Mintz's version states that Bradley Ames viewed "personal" emails, verses "several" emails, including the CAA agreement, as was found by the Court.  Additionally, although the Court found that Mr. Mintz suffered sufficient harm to support a private right of action, the Court specified that this harm might only be as little as the time spent restoring his Gmail password.  Mr. Mintz's Proposed Instruction no. 1 states to the jury that the Court found that Mr. Mintz "suffered harm" which suggests to the jury that they must find that he was damages.  Priority Sports' version more clearly states the Court's salient findings.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

**Mr. Mintz's Special Instruction No. 2**

**Section 502 – Damages or Loss**

**California Penal Code § 502(e)(1)**

[Propounded by Mr. Mintz / Opposed by Priority Sports and Mr. Bartelstein]

The Court has determined that Priority Sports and Mr. Bartelstein violated the Data Access and Fraud Act, California Penal Code § 502, and that Mr. Mintz experienced sufficient damage to bring this claim to a jury.  You must decide how much will reasonably compensate Mr. Mintz for the harm.  This compensation is called "loss" or "damages."

Mr. Mintz must prove the amount of his loss.  However, Mr. Mintz does not have to prove the exact amount of loss that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

One item of loss claimed by Mr. Mintz is the costs associated with investigating the intrusion into his personal email account and taking subsequent remedial measures to prevent further intrusion.

In addition, Mr. Mintz is seeking damages for the following specific items:

1.    Mental suffering, anxiety, humiliation, emotional distress; and

2.    Harm to reputation and loss of standing in the community.

No fixed standard exists for deciding the amount of damages for mental suffering, anxiety, humiliation, and emotional distress.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

784788

Authority: Cal. Pen. Code § 502(e)(2) (modified in accordance with relevant portions and findings of the Court's November 1, 2012 summary judgment order); *Ornelas v. Randolph*, 4 Cal. 4th 1095, 1100 (1993) (use of the word "includes" in statute is a term of enlargement rather than limitation); *accord Hassan v. Mercy Am. River Hosp.*, 31 Cal. 4th 709, 717 (2003) (same); Cal. Bill Analysis, A.B. 2727 Assem., 8/07/2000) (stating that intent of Section 502 is to "[e]xpand civil remedies available for computer crimes"); Cal. Bill Analysis, A.B. 2232 Sen. Comm. Pub. Safety, 6/20/2000 (stating that amendments to Section 502 were to combat the rise of "[s]erious computer hacking crimes" by discourag[ing] [such conduct] through harsher penalties and fines") *Facebook, Inc. v. Power Ventures, Inc.*, 844 F. Supp. 2d 1025, 1039 (N.D. Cal. 2012) ("Costs associated with investigating intrusions into a computer network and taking subsequent remedial measures are losses with the meaning of the statute [CFAA]"); *Multiven Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010) (providing same).

**Basis for Adopting Mr. Mintz's Proposed Instruction:**

Mr. Mintz respectfully requests that the Court adopt his proposed instruction regarding loss and/or damage under California Penal Code § 502 because that Section does not, by its express language, exclude emotional distress damages as a possible form of relief.  Accordingly, the jury is entitled to hear all forms of recoverable damage Mr. Mintz seeks under this claim, including emotional distress and reputational damage.

784788

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

**Priority Sports' Special Instruction No. 2**

**Section 502 – Loss**

**California Penal Code § 502(e)(1)**

[Alternative Instruction Propounded by Priority Sports and Mr. Bartelstein / Opposed by Mr. Mintz]

The Court has determined that defendants violated the Data Access and Fraud Act, California Penal Code § 502. If you decide that defendants' violation of the Data Access and Fraud Act was a substantial factor in causing Mr. Mintz harm, you must also decide how much money will reasonably compensate Mr. Mintz for the harm. This compensation is called "loss" or "damages."

Mr. Mintz must prove the amount of his loss. However, Mr. Mintz does not have to prove the exact amount of loss that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The item of loss claimed by Mr. Mintz is associated with investigating the intrusion into his personal email account and taking subsequent remedial measures.

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

784768

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

Authority: Cal. Pen. Code § 502(e)(2) (modified in accordance with relevant portions and findings of the Court's November 1, 2012 summary judgment order); CACI 3901.

**Basis for Adopting Priority Sports' Proposed Instruction:**

Priority Sports respectfully requests that the Court adopt its proposed instruction regarding loss and/or damage under California Penal Code § 502 ("Section 502"). First, Mr. Mintz's Proposed Instruction no. 2 fails to include the causation requirement stated in CACI 3901. Specifically, CACI 3901 states, "If you decide that [ *name of plaintiff* ] was harmed and that [ *name of defendant* ]'s [ *insert description of cause of action, e.g., "negligence"* ] was a substantial factor in causing the harm, you also must decide how much money will reasonably compensate [ *name of plaintiff* ] for the harm." This language is missing from Mr. Mintz's Proposed Instruction no. 2. Second, Mr. Mintz, in his Complaint, did not allege emotional distress damages in connection with the Section 502 claim, nor did he specify emotional distress damages in relation to the Section 502 claim in his initial disclosures, motion for summary judgment, or pre-trial conference order. Additionally, the only harm the Court explicitly found was that Mr. Mintz "spent some time restoring his Gmail password and investigating who had hacked the Gmail account." Civil Minutes – General (Dkt. 81) at p. 12. Mr. Mintz should not be permitted to use his jury instructions to now change the damages he seeks in connection with this claim.

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

784788

## CACI 1800 Intrusion Into Private Affairs

[Propounded by Mr. Mintz / Opposed by Priority Sports and Mr. Bartelstein]

The Court has determined that Priority Sports and Mr. Bartelstein violated Mr. Mintz's right to privacy.  In reaching this determination, the Court concluded that Mintz established the following elements:

1. Mr. Mintz had a reasonable expectation of privacy in his personal email account;

2. Priority Sports and/or Mr. Bartelstein intentionally intruded into Mr. Mintz's personal email account by accessing that account without Mr. Mintz's permission; and

3. Priority Sports and/or Mr. Bartelstein's intrusion would be highly offensive to a reasonable person.

In determining that Mr. Mintz had a reasonable expectation of privacy in his personal email account, the Court found, among other facts, the following:

(a) The hacked email account was a web-based, personal email account; and

(b) Mr. Mintz's personal email account was password-protected at all times, and he has never authorized any Priority Sports employees to access it.

In determining that the intrusion would be highly offensive to a reasonable person, the Court found, among other facts, the following:

(a) A Priority Sports employee deliberately accessed Mr. Mintz's personal email account without permission, opened several emails, including personal emails such as Mr. Mintz's employment agreement with CAA, and read their contents;

1       (b)    Priority Sports' conduct was so serious and offensive that the

2                California legislature subjects the perpetrator to criminal

3                liability under California Penal Code § 502; and

4       (c)    The invasion was an egregious breach of social norms.

784788

Authority:  CACI 1800 (modified to add names of parties, appropriate pronouns and summary of contentions re claim for intrusion into private affairs; further modified in accordance with pages 13-15 of the November 1, 2012 summary judgment order)

**Basis for Adopting Mr. Mintz's Proposed Instruction:**

  Mr. Mintz respectfully requests that the Court adopt his proposed instruction regarding invasion of privacy because it succinctly explains to the jury, using relevant language from CACI 1800 as well as the Court's summary judgment order, the elements of the claim, and the facts upon which the Court relied in finding that Mr. Mintz satisfied those elements by establishing liability.  In other words, the instruction provides a basic factual roadmap of the claim so that the jury has a basis upon which to determine the appropriate amount of damages.

  CACI 1800 further provides two paragraphs regarding the meaning of, and appropriate considerations under, the "reasonable expectation of privacy" and "highly offensive to a reasonable person" elements.  Accordingly, the Court's factual findings regarding these elements are proper, as they provide further aid for the jury in understanding the privacy violation and, concomitantly, determining an appropriate amount of damages.  These findings are not, contrary to Defendants' assertion, "inferences" – indeed, they are taken from the Court's summary judgment order (*see* p. 14 ¶ 1 under "expectation of privacy," & p. 15 ¶¶ 1-2 under "serious invasion of privacy interest).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

**CACI 1800 Intrusion Into Private Affairs**

[Alternative Instruction Propounded by Priority Sports and Mr. Bartelstein / Opposed by Mr. Mintz]

The Court has determined that Priority Sports and Mark Bartelstein violated Mr. Mintz's right to privacy.  In reaching this determination, the Court concluded that:

1.     Mr. Mintz had a reasonable expectation of privacy in his personal email account;

2.     The defendants intentionally intruded into Mr. Mintz's personal email account by accessing that account without Mr. Mintz's permission; and

3.     The defendants' intrusion was a serious invasion of privacy.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

Authority: CACI 1800 (modified to add names of parties, appropriate pronouns and summary of contentions re claim for intrusion into private affairs; further modified in accordance with pages 13-15 of the November 1, 2012 summary judgment order)

**Basis for Adopting Priority Sports' Proposed Instruction:** Priority Sports objects to the use of CACI 1800 because it is not relevant in light of the Court's summary judgment ruling. In addition, Mintz's proposed instruction is inappropriate because it purports to set forth a listing of "findings" that were not explicitly made in the ruling. The only remaining issue with respect to invasion of privacy is whether and to what extent Mintz was damaged. CACI 1820 is sufficient to instruct the jury on this issue. There simply is no need for CACI 1800. Jury instructions are to be "(1) 'an accurate statement of the law,' (2) 'as brief and concise as practicable,' (3) 'understandable to the average juror,' and (4) 'completely neutral, unslanted and free of argument.'" *Webster v. Woodford*, 369 F.3d 1062, 1075 (9th Cir. Cal. 2004) (quoting Comm. on Standard Jury Instructions, *California Jury Instructions Criminal vii.*(Philip H. Richards ed., 4th rev. ed. 1979). Mintz's proposed CACI 1800 includes unnecessary language that is not appropriate.

In the alternative, if the Court is inclined to include an instruction based on CACI 1800, Priority Sports proffers the above instruction. The language is taken verbatim from the order. The proposed instruction clearly and concisely instructs the jury on the Court's findings, omitting inferences Mr. Mintz draws from the Court's order.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

784788

## SET THREE

**Contested Instructions**

**Propounded by Defendants Priority Sports and Mark Bartelstein**

**Opposed by Plaintiff Aaron L. Mintz**

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

784788

**CACI 203 Party Having Power to Produce Better Evidence**

[Propounded by Priority Sports and Mr. Bartelstein / Opposed by Mr. Mintz]

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

Authority:  CACI 203.

**Basis for Adopting Priority Sports' Proposed Instruction:**  Priority Sports respectfully requests the Court instruct the jury based on CACI 203.  According to CACI 203, the instruction should be used when "the party producing inferior evidence had the power to produce superior evidence."  During discovery, Mr. Mintz refused to produce his employment agreement with CAA, the contents of any emails in his Gmail account, or even a description of the contents of his Gmail account.  Mr. Mintz also never produced any medical records during discovery despite interrogatories seeking any and all documents in support of his claims.  Despite this, Plaintiff's counsel has indicated that Mr. Mintz intends to testify at trial that the contents of those documents are extremely private and sensitive such that their access by a Priority Sports employee caused him severe emotional distress.  Mr. Mintz, by his own accord, refused to produce the aforementioned documents in discovery.  Priority Sports is thus entitled to an instruction based on Mr. Mintz's refusal.

Priority Sports acknowledges that the Court, in its Civil Trial Preparation Order, states that it will provide all general instructions.  CACI 203 is provided out of prudence in the event the Court does not consider it a general instruction.  Priority Sports agreed to the inclusion of an instruction for punitive damages despite believing it constituted a "general instruction;" thus, Priority Sports respectfully submits CACI 203 for the Court's use.

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

784788

**Mr. Mintz's Objection to Priority Sports' Use of CACI 203:** The Court's June 12, 2012 Civil Trial Preparation Order asks parties to substantive" jury instructions, not general ones.  (Trial Preparation Order at pp. 2:6-9, Dkt. No. 20 at 2.)  CACI 203 is a general jury instruction which should not be submitted to the Court.  However, if such an instruction is viewed by the Court as "substantive," then such an instruction would not be appropriate in this case.  Defendants admittedly accessed Mintz's personal Gmail account without authorization and viewed his personal information.  The emails in Mintz's personal Gmail account are private documents and should remain so. Mintz will testify about the uses for his Gmail account based on personal knowledge. It would be unfair to invite the jury to distrust Mintz's testimony merely because he refuses to put his personal, private documents into the public record.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

784788

1

DATED:  November 12, 2012          MILLER BARONDESS, LLP

2

3                                                      By: /s/ Louis R. Miller

4                                                            Louis R. Miller
                                                             Plaintiff and Counterdefendant
5                                                            Aaron L. Mintz

6

7

DATED:  November 12, 2012          GLASER WEIL FINK JACOBS
                                                      HOWARD AVCHEN & SHAPIRO LLP

8

9                                                      By:  /s/ Jill Basinger

10                                                          PATRICIA L. GLASER
                                                            PAUL SALVATY
11                                                          JILL BASINGER

12                                                          Attorneys for Defendants and
                                                            Counterclaimants
13                                                          Mark Bartelstein & Associates, Inc. d/b/a
                                                            Priority Sports & Entertainment and Mark
14  •                                                       Bartelstein

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

[PROPOSED] FIRST AMENDED JURY INSTRUCTIONS

784788