FILED
CLERK, U.S. DISTRICT COURT
NOV 14 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON L. MINTZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MARK BARTELSTEIN & ASSOCIATES, INC., d/b/a/ Priority Sports & Entertainment; and MARK BARTELSTEIN, an individual,<br><br>Defendants. | CASE NO. 2:12-cv-02554-SVW-SS<br><br><br><br>COURT'S INSTRUCTIONS TO THE JURY |

-1-

## INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I have said or done as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

## **INSTRUCTION NO. 3**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses, what they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I gave a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

# INSTRUCTION NO. 6

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## INSTRUCTION NO. 7

The Court has determined that Defendant Priority Sports violated Mr. Mintz's right to privacy. In reaching this determination, the Court concluded that:

1. Mr. Mintz had a reasonable expectation of privacy in his personal email account;

2. Priority Sports intentionally intruded into Mr. Mintz's personal email account by accessing that account without Mr. Mintz's permission; and

3. Priority Sports' intrusion was a serious invasion of privacy.

## INSTRUCTION NO. 8

If you decide that Mr. Mintz was harmed and that Priority Sports' and/or Mr. Bartelstein's invasion of Mr. Mintz's privacy was a substantial factor in causing the harm, you must also decide how much money will reasonably compensate Mr. Mintz for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by Priority Sports and/or Mr. Bartelstein, even if the particular harm could not have been anticipated. You must not speculate or guess in awarding damages.

Mr. Mintz must prove the amount of his damages. However, Mr. Mintz does not have to prove the exact amount of damage that will provide reasonable compensation for the harm.

The following are the specific items of damage claimed by Mr. Mintz:

1. Mental suffering, anxiety, humiliation, emotional distress;

No fixed standard exists for deciding the amount of damages for mental suffering, anxiety, humiliation, and emotional distress. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future emotional distress, Mr. Mintz must prove that he is reasonably certain to suffer that harm.

## INSTRUCTION NO. 9

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 10

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

## INSTRUCTION NO. 11

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.