UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-02554-SVW-SS | Date | December 4, 2013 |
|---|---|---|---|
| Title | Aaron Mintz v. Mark Bartelstein and Associates Inc. et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**    IN CHAMBERS ORDER Re Motion for Attorneys' Fees [119]

**I. INTRODUCTION**

On January 22, 2013, counter-defendant Creative Artists Agency ("CAA") filed a motion to recover attorneys' fees incurred to defend against counterclaims for misappropriation of trade secrets, and derivative claims, brought by defendants and counter-claimants Mark Bartelstein & Associates, Inc. d/b/a/ Priority Sports & Entertainment ("Priority Sports"), and Mark Bartelstein (collectively, "Defendants").

On June 14, 2013, the Court held that Defendants had maintained the misappropriation of trade secrets claim against CAA in bad faith after August 29, 2012. (Dkt. 130). Accordingly, the Court held that CAA was entitled to attorneys' fees incurred in defending against the misappropriation claim during the relevant time period. The Court found, however, that attorneys' fees were not merited for the derivative counterclaims. Further, the Court found that CAA's calculation of attorneys' was deficient and ordered CAA to amend the fees' motion based on the guidance provided. On June 28, 2013, CAA filed an amended motion, which is now before the Court.

**II. ATTORNEYS' FEES**

    A. Lodestar Method

The Court utilizes the lodestar method in determining the appropriate award of attorneys' fees. Under the lodestar method, attorneys' fees are calculated by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir.1998). The Supreme Court has established a "strong presumption" that lodestar fees are reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). However, the counsel seeking attorneys' fees bears the burden of submitting detailed records documenting "the hours worked and rates claimed."

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-02554-SVW-SS | Date | December 4, 2013 |
|---|---|---|---|
| Title | Aaron Mintz v. Mark Bartelstein and Associates Inc. et al. | | |

Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "The court may reduce those hours if the documentation is inadequate, the submitted hours are duplicative or inefficient, or the requested fees appear excessive or otherwise unnecessary." Pereira v. Ralph's Grocery Co., CV 07-841 PA(FFMx), 2010 WL 6510346 (C.D. Cal. July 1, 2010) (citing Hensley, 461 U.S. at 434).

    B. CAA's Hourly Rates

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 980 (9th Cir. 2008) (emphasis added) (internal quotation marks omitted). To this end, "[a]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." Id. (internal quotation marks omitted).

CAA submits evidence that it staffed four attorneys to defend against Defendants' trade secrets counterclaim: one partner, one senior counsel, a senior associate, and a junior associate. (Oncidi Decl.). The attorneys' rates ranged from $475 per hour for the junior associate, to $720 per hour for the partner. (Id.). CAA provides declarations from the four attorneys detailing their respective legal experience. (Oncidi Decl.; Horn Decl.; Williams Decl.; Gutierrez Decl.). CAA also provides declarations from two experienced attorneys not involved with the litigation, but who practice law in Los Angeles, and attest that the rates charged by CAA's attorneys are reasonable given their skills, experience, reputation, and the nature of the case. (Deixler Decl., ¶ 8-9; Friedman Decl. ¶¶ 7-9). Defendants do not challenge the rates charged by CAA's attorneys. As such, because CAA has provided evidence in support of the reasonableness of these rates, the Court adopts these rates for purposes of calculating attorneys' fees.

    C. Hours Expended

As ordered by the Court, CAA has apportioned its hours in an effort to only include attorneys' fees billed in defense of the misappropriation of trade secrets claim. The apportionment method CAA utilizes assigns a percentage of each billed task to the portion allegedly implicating the misappropriation of trade secrets claim. For example, because one of CAA's six interrogatory responses related to the trade secret claim, CAA seeks 16.67% of the total hours billed on this matter. (Id. ¶ 17(a)).

In total, CAA has divided its work into 22 categories, and assigned percentages ranging from 2.5% of the hours billed preparing proposed jury instructions, to 100% of the hours billed in preparing the declaration of Steven Heumann in support of CAA's and Mintz's motion for summary judgement. (Id. ¶ 17).

                                                                                                                                      :

Initials of Preparer                        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-02554-SVW-SS | Date | December 4, 2013 |
|---|---|---|---|
| Title | Aaron Mintz v. Mark Bartelstein and Associates Inc. et al. | | |

The Court finds CAA's method of apportioning its hours reasonable. CAA's assignment of percentages do not appear arbitrary, and as the Court noted in its prior order, "apportionment may not be mathematically precise with respect to certain tasks." (Dkt. 130, Order, 14-15 n.6). As a result of CAA's apportionment, its request for fees has dropped from $541,929.38 in its original motion to $83,437.22 in its amended motion.

Although the methodology is reasonable, the Court finds that certain applications of it still lead to an over broad inclusion of fees related to the misappropriation of trade secrets claim. These instances are addressed below.

### 1. CAA's Motion for Summary Judgement

CAA apportions 16.67% of the hours billed in preparing its motion for summary judgement to the trade secrets claim. (Oncidi Decl., ¶ 17(j), (k). This number is based on CAA's determination that 22 of 66 of the uncontroverted facts in CAA's summary judgment motion related to the trade secrets claim. (Id.). CAA then divides the resulting percentage, 33.3%, in half to account for the fact that the motion was prepared on behalf of both CAA and Mintz. (Id.). Although CAA's approach is reasonable, the Court finds the 16.67% number too high.

In the Court's order granting CAA's motion for summary judgement as to Defendants' misappropriation of trade secrets claim, the Court found that defendant Priority Sports' opposition was "utterly devoid of evidence that [Mintz] or CAA misappropriated any trade secrets belonging to Priority Sports. (Dkt. 130, Order, at 20). Priority Sports had argued that Mintz conceded to using a Priority Sports' client list to contact unidentified players on behalf of CAA; however, the only cited evidence comprised statements by Bartelstein, not Mintz. (Id.). Given the lack of evidence Defendants had to support this claim, CAA's summary judgement defense was simple. CAA spent less than a page in its memorandum of points and authorities addressing the trade secrets claim, and cited to only nine uncontroverted facts. (Dkt. at 9).

The Court finds 6.8% to be a more accurate percentage of the hours billed related to the trade secrets claim in CAA's motion for summary judgment.[1] In total, CAA spent 285.4 hours on its motion for summary judgement, including time spent preparing the corresponding statement of uncontroverted

---

[1] This percentage is obtained by dividing the 9 uncontroverted facts cited by CAA on the trade secrets claim, by the 66 total uncontroverted facts, and then dividing by two in order to eliminate the hours billed for Mintz.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-02554-SVW-SS | Date | December 4, 2013 |
|---|---|---|---|
| Title | Aaron Mintz v. Mark Bartelstein and Associates Inc. et al. | | |

facts.[2]  Multiplying the hours billed by the rates charged by CAA's four attorneys, the Court calculates the total fees spent on the motion as $163,496.5.  The Court then subtracts the amount it finds reasonable to apportion from the amount CAA apportioned, and finds that CAA's attorneys' fees must be reduced by $16,137.10.

### 2. Mediation and Settlement Negotiations

CAA apportions 50% of the total hours billed attending mediation and settlement negotiations to the trade secrets claim because CAA contends that it spent a majority of the negotiations focused on the possibility of filing a motion for attorneys' fees due to Defendants bad faith trade secrets claim.  (Oncidi Decl., ¶ 17(h), (i)).  Defendants contest this estimate, arguing that while they cannot disclose the substance of the mediation and settlement negotiations, CAA's statement that 50% of the communications focused on the trade secrets claim is inaccurate and excessive.  (Baskinger Decl., ¶ 7).

As the Court noted in its prior order on attorneys' fees, it is CAA's burden to provide a reasoned estimate of the portion of time spent defending the trade secret misappropriation claim.  (Dkt. 130, Order, at 14 n.7).  Moreover, the Court previously noted that an award will only be justified "where it is reasonably clear that the hours requested were billed in defending against the misappropriation claim."  (Id.).  Here, the Court finds that CAA has not adequately established that 50% of mediation and settlement negotiations were spent discussing the possibility of CAA filing an attorneys' fees motion.  Additionally, CAA has not apportioned its hours billed on mediation and settlement negotiations to account for the fact that these negotiations were on behalf of both CAA and Mintz.  Because CAA has not made it reasonably clear what percentage of its fees for mediation and settlement negotiations relate to the trade secrets claim, the Court removes all fees associated with these activities from the fees award.  This leads to a reduction in CAA's request for attorneys' fees of $7,124.88.

### 3. Time Spent Preparing the Fee Application

Of the $83,427.22 in attorneys' fees CAA seeks, $51,998.40 is related to preparation of the attorneys' fees motion.  (Oncidi Decl., Ex. A).  This amount represents 62.3% of the total fee award sought.  The Court finds this amount excessive for two reasons.  First, the fees motion in this case was not overly complicated.  As noted above, Defendants' motion for summary judgment included no evidence that CAA misappropriated anything, and the Court's order finding that attorneys' fees were recoverable under California Civil Code § 3426.4 relied heavily on this complete lack of evidence.  CAA was not required to do much more than point to this absence of proof in the record.  Second, the only complicated aspect of the fees' motion was apportioning fees to the misappropriation of trade

---

[2] The Court had to consult a paper copy of a spreadsheet to calculate this number. The number is based on summing individual hour entries over the course of multiple billing periods.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-02554-SVW-SS | Date | December 4, 2013 |
|---|---|---|---|
| Title | Aaron Mintz v. Mark Bartelstein and Associates Inc. et al. | | |

secrets claim. Yet this task was only required as part of CAA's supplemental motion, which is not included in the $51,998.40 amount. Thus, given the nature of the motion, the Court finds that the 96 billable hours spent on the fee application by three attorneys (including two senior attorneys) was excessive. As such, the Court in its discretion reduces the amount of the award related to preparing the attorneys' fees motion by $20,000.

### III. CONCLUSION

For the reasons stated above, the Court reduces CAA's request for attorneys' fees as follows: $16,137.10 is reduced from the time spent on the motion for summary judgement, $7,124.88 is reduced from the fees incurred in mediation and negotiation settlements, and $20,000.00 is subtracted from the fees incurred in preparing this motion. Taken together, the Court reduces the amount of fees sought by CAA by $43,261.98. The Court finds CAA entitled to $40,175.24 in attorneys' fees.

:

Initials of Preparer     PMC